***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted August 23; convictions on Counts 1 and 2 reversed and remanded
for entry of judgment of conviction of one count of first-degree animal neglect,
remanded for resentencing, otherwise affirmed September 14, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAIME RAMIREZ-TORRES,
*Defendant-Appellant.*

Marion County Circuit Court
19CR59043; A174950

Courtland Geyer, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Neil F. Byl, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Convictions on Counts 1 and 2 reversed and remanded for entry of judgment of conviction of one count of first-degree animal neglect; remanded for resentencing; otherwise affirmed.

**SHORR, P. J.**

Defendant appeals from a judgment convicting him of two counts of first-degree animal neglect, one count of first-degree animal abuse, one count of aggravated first-degree animal abuse, and one count of second-degree animal abuse. He argues first that the trial court erred in denying his motion for judgment of acquittal on the first-degree animal neglect charges, because the state failed to present sufficient evidence that he had acted with criminal negligence, and on the first-degree animal abuse charges,[1] because the state failed to present sufficient evidence that he had acted recklessly. A discussion of the facts would not benefit the bench, the bar, or the public. The challenged convictions arose from an incident where defendant became angry with his dog and chained him in the sun on a warm day for many hours without food or water, in a position where the dog could not lie down, and the dog died of congestive heart failure. Viewed in the light most favorable to the state, there was sufficient evidence to create jury questions as to whether defendant acted recklessly and with criminal negligence.

Defendant next argues that the trial court erred in denying his motion for a new trial due to juror misconduct. After trial was concluded, defendant asserted that he had recognized one of the jurors as someone with whom he had had prior interactions involving illegal drugs and that the juror was biased against him. The court received testimony from defendant and concluded that there was "certainly no other interpretation that's reasonable of the testimony that I heard today other than that—that [defendant] recognized this juror before the end of the trial and certainly before a verdict has been—had been rendered." The court therefore concluded that defendant had waived his argument by failing to raise the issue before the jury returned a verdict. Defendant asserts on appeal that the evidence in the record does not support the trial court's conclusion. Having reviewed the record, we disagree, and conclude that the trial court did not err in denying the motion for a new trial.

---

[1] Defendant was charged with two counts of first-degree animal abuse, and the jury returned guilty verdicts on both counts. However, the counts were merged at sentencing and defendant was only convicted of one count of that crime.

Finally, defendant asserts that the trial court erred in failing to merge the two counts of first-degree animal neglect, Counts 1 and 2, noting that they asserted different theories of a single offense and were based on simultaneously occurring conduct that violated a single statutory provision. The state concedes the error. We agree that those verdicts should have merged under ORS 161.067(3), and we accept the state's concession.

Convictions on Counts 1 and 2 reversed and remanded for entry of judgment of conviction of one count of first-degree animal neglect; remanded for resentencing; otherwise affirmed.